*BERGH & AL.* vs. *JAYNE.*

7ns609
46 577

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The appellants, plaintiffs below, complain that the district judge erred in dismissing their suit by attachment, on the ground of the insufficiency of the affidavit on which process had been obtained.

An affidavit by an agent, that the debt is due *as he believes,* is insufficient to obtain process of attachment.

The affidavit was made by the plaintiffs' agent, who swears the defendant resides permanently out of the state, and is indebted to the plaintiffs in the sum of $1500, *as he* (the agent) *believes.*

The act of 1805 (1 *Martin's Digest*, 512) authorised process of attachment on *proof* of the debt, and absence of the debtor, in court or at chambers in vacation.

By an act of the same year, *id.* 516, 18, clerks were authorized to take affidavits and issue process of attachment on the requisite proof being made.

In 1811, *id.* 518, and 1817, the oath of the plaintiff and of his agent were expressly admitted as proof.

The code of practice 244 requires the agent should swear on his knowledge.

The act of 1826, p. 170, requires he should swear to the best of *his knowledge and belief.*

We think, with the appellant's counsel, that we are to be ruled by the intent of the legislature, and that "nullity is not necessarily to follow the omission of any redundancy with which legislative and judicial proceedings abound;" but the intent of the law cannot be disregarded. Accordingly, in *Brides* vs. *Williams, vol.*1, 98 we held the affidavit of an agent, *to the best of his knowledge,* sufficient. Knowledge *includes* belief, but not *vice versa.* We believe the arrival of a friend when we see it announced in

the gazette—we know it when we see him.—
The agent believes the debt is due, when the
plaintiff whom he respects tells him so—he
knows it when the defendant admits it and
promises payment.

We do not think the judge erred.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Strawbridge* for plaintiffs—*Slidel* for defendant.